# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHARLES WILLIAMS, Chicago Department of ) | Case No. 17-cv-1333 |
| Streets and Sanitation Commissioner, STEVE ) | |
| SORFLEET, ROBERT DYCKMAN, ALL JOHN ) | Judge Sharon Johnson Coleman |
| AND JANE DOE ABANDON AUTO FIELD ) | |
| INVESTIGATORS WHOM WORK FOR THE ) | |
| CITY OF CHICAGO'S STREETS AND ) | |
| SANITATION DIVISION, ALL JOHN AND ) | |
| JANE DOE DEPARTMENT OF POLICE ) | |
| OFFICERS, the DEPARTMENT OF ) | |
| ADMINISTRATIVE HEARINGS DIVISION, ) | |
| PATRICIA JACKOWIAK, KAREN BRAZIL ) | |
| BREASHERS, ALO #21 individually, and the ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants' Motion to Dismiss [67] is granted with prejudice. Civil case terminated.

## STATEMENT

Plaintiff Kevin Sroga initially brought his Complaint on February 21, 2017, and defendants were served in May 2019. Invoking 42 U.S.C. § 1983, Sroga alleges that his Fourth Amendment rights were violated in conjunction with the tow of several vehicles pursuant to Section 9-80-11(a) of the Municipal Code of Chicago ("MCC"), which allows for any vehicle that appears to be deserted and is not moved or used for more than seven days to be towed. Sroga states that he parked several cars on North Homan Avenue in Chicago. City officials towed Sroga's cars on February 18, 2015; several days before, his cars had received City stickers stating that they were abandoned pursuant to MCC Section 9-80-110 and that they could be towed. Along with related state law claims and

1

alleged violations of the Fourteenth Amendment, Sroga contends that towing the vehicles was an unreasonable search and seizure in violation of the Fourth Amendment because snow blocked his cars, making them impossible to move. Further, Sroga asserts that towing the cars violated his right to due process because the City towed them on the seventh day, rather than more than seven days, after he saw the tow notices on the cars.

Although Sroga failed to appear at Court hearings on June 3, 2019 and June 11, 2019 (Dkt. 54, 60), he did appear at the July 11, 2019 hearing and orally moved for leave to file an amended complaint, which this Court granted. (Dkt. 63.) The Court allowed Sroga until August 12, 2019 to file his amended complaint, noting that this was a final extension. Sroga did not comply. Instead, Sroga filed a motion for an extension of time to file his amended complaint two days after the deadline, which the Court denied for failure to demonstrate excusable neglect for not complying with the Court's deadline. (Dkt. 64, 66.) Defendants moved to dismiss Sroga's complaint for a lack of standing and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6), respectively. Sroga did not file a brief in response, despite multiple orders from the Court confirming the briefing schedule. (Dkt. 66, 70.) Defendants filed a reply brief in compliance with the Court's schedule. To date, Sroga has not filed anything further with the Court.

A Rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Standing is a threshold requirement in every federal claim and must be present at the time the lawsuit is filed. *See Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017), cert. denied, 138 S.Ct. 740, 199 L. Ed. 2d 617 (2018).

When considering a Rule 12(b)(6) motion, the court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

It is a longstanding rule that a plaintiff waives his claims when he fails to develop arguments or fails to respond to alleged deficiencies in a motion to dismiss. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (collecting cases); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (recognizing that a complaint is subject to dismissal where a plaintiff does not file a response supporting the legal adequacy of the complaint). Sroga's silence in response to defendants' motion to dismiss operates as abandonment of any argument against dismissing the claims. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). The Court is therefore compelled to grant defendants' motion to dismiss on all claims.

Even if Sroga had not waived his arguments on all of his claims, however, the Court would dismiss the complaint in full because Sroga lacks standing. To establish the threshold requirement of Article III standing, Sroga must plausibly allege facts demonstrating that: (1) he suffered an injury in fact, (2) are fairly traceable to the challenged conduct of defendants, and (3) are likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016), as revised (May 24, 2016). Sroga bears the burden of establishing the elements of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Defendants contend that Sroga has not alleged ownership of a single vehicle. Although Sroga refers to several vehicles that he parked within the City of Chicago, he does not allege that he holds title to any of the vehicles at issue. Further, Sroga has not identified the vehicles in any manner or specified how many vehicles are even at issue. Thus, Sroga's allegations fail to satisfy the first element, the existence of an injury in fact. *See Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999). This Court does not have jurisdiction over Sroga's claims. Given Sroga's waiver of

his claims and this Court's lack of jurisdiction, the Court does not address defendants' additional arguments in support of dismissal.

Sroga has been allowed multiple opportunities to prosecute his case and given many warnings regarding the importance of complying with Court set deadlines. Thus, the Court grants defendants' Motion to Dismiss [67] with prejudice. Civil case terminated.

IT IS SO ORDERED.

Date: 11/4/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge